IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GRAEME M. KEITH, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-0039 |
| | § | |
| STEVEN E. GILBERT and | § | |
| INTEGRATED SENSOR AND IMAGING, | § | |
| LLC D/B/A GUNLAB, | § | |
| | § | |
| Defendants. | § | |

### ORDER TO AMEND PLAINTIFF'S COMPLAINT TO ALLEGE FACTS ESTABLISHING SUBJECT MATTER JURISDICTION

Plaintiff, Graeme M. Keith, Jr., brings this action against defendants, Steven E. Gilbert and Integrated Sensor and Imaging, LLC d/b/a Gunlab, asserting claims and seeking damages for breach of contract, fraud, and negligent misrepresentation. Plaintiff asserts jurisdiction based on diversity of citizenship by alleging:

> 4. Jurisdiction is predicated on 28 U.S.C. § 1332, as complete diversity exists between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[1]

In support of jurisdiction, plaintiff alleges in pertinent part:

> 1. Plaintiff Graeme M. Keith, Jr. is an individual residing in Charlotte, North Carolina.
>
> 2. Defendant Steven E. Gilbert is a resident of Texas. He may be served with process at 11118 Cedarhurst Dr., Houston, Texas, 77096, or wherever he may be found.
>
> 3. Defendant Integrated Sensor and Imaging, LLC d/b/a Gunlab ("Gunlab") is a Texas limited liability

---

[1] Plaintiff Graeme M. Keith, Jr.'s Original Complaint, Docket Entry No. 1, p. 2, ¶ 4.

company. . . Upon information and belief, Gunlab's principal place of business is located at 800 Town and Country Blvd., Suite 300, Houston, Texas 77024.[2]

"Jurisdiction cannot be waived, and it is the duty of a federal court first to decide, <u>sua sponte</u> if necessary, whether it has jurisdiction before the merits of the case can be addressed." <u>Filer v. Donley</u>, 690 F.3d 643, 646 (5th Cir. 2012). <u>See also</u> <u>A.I.M. Controls, L.L.C. v. Commissioner of Internal Revenue</u>, 672 F.3d 390, 392 (5th Cir. 2012) ("Federal courts 'must raise and decide jurisdictional questions that the parties either overlook or elect not to press.'") (quoting <u>Henderson ex rel. Henderson v. Shinseki</u>, 131 S. Ct. 1197, 1202 (2011)).

Under 28 U.S.C. § 1332 there must be complete diversity between plaintiffs and defendants. <u>McLaughlin v. Mississippi Power Co.</u>, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam) (citing <u>Strawbridge v. Curtiss</u>, 7 U.S. (3 Cranch) 267 (1806)). "'The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" <u>Id.</u> (quoting <u>Harrison v. Prather</u>, 404 F.2d 267, 272 (5th Cir. 1968) (per curiam)). Moreover, federal courts are courts of limited jurisdiction, <u>Kokkonen v. Guardian Life Insurance Co. of America</u>, 114 S. Ct. 1673, 1675 (1994), and therefore "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." <u>Howery v. Allstate</u>

---

[2]<u>Id.</u> at 1-2, ¶¶ 1-3.

Insurance Co., 243 F.3d 912, 916 (5th Cir.), cert. denied, 122 S. Ct. 459 (2001). Thus, plaintiff as the party asserting federal jurisdiction, bears the burden to demonstrate complete diversity.

The citizenship of individuals is based on domicile, i.e., where an individual resides and intends to remain. Acridge v. Evangelical Lutheran Good Samaritan Society, 334 F.3d 444, 448 (5th Cir. 2003). See also Preston v. Tenet Healthsystem Memorial Medical Center, Inc., 485 F.3d 793 799 (5th Cir. 2007) (recognizing residence in a state is not sufficient to establish citizenship). "The citizenship of a L[imited] L[iability] C[ompany] is determined by the citizenship of all of its members." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008). See also Carden v. Arkoma Associates, 110 S. Ct. 1015, 1021 (1990) ("[W]e reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members. We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members[.]'") (citations omitted). When members of a limited liability company are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability company. See Mullins v. TestAmerica, Inc., 564 F.3d 386, 397-98 (5th Cir. 2009). See also Alphonse v. Arch Bay Holdings, L.L.C., 618 F. App's 765, 768 (5th Cir. 2015) (per curiam) ("[N]o

3

case law has suggested that [the conclusion reached in Harvey, 542 F.3d at 1080,] may be disregarded when one of the LLC's members is an artificial entity comprised of additional entities.").

Plaintiff's original complaint filed in this action states that plaintiff is an individual residing in Charlotte, North Carolina, and that defendant Steven E. Gilbert is a resident of Texas, but fails to identify the states in which either of these parties is domiciled and, therefore, a citizen for diversity purposes. See Acridge, 334 F.3d at 448. Plaintiff's original complaint also states that defendant Integrated Sensor and Imaging, LLC d/b/a Gunlab, is a Texas limited liability company, but fails to identify its members or their respective states of citizenship. Under Harvey, 542 F.3d at 1080, Carden, 110 S. Ct. at 1021, and their progeny, plaintiff's allegations are not sufficient to establish diversity jurisdiction.

Accordingly, plaintiff is **ORDERED** to file an amended complaint within twenty (20) days, that identifies each individual party's state of citizenship, and the limited liability company's members and their states of citizenship. Should plaintiff fail to file an amended complaint within twenty (20) days, that adequately alleges facts sufficient to establish subject matter jurisdiction, this action will be dismissed for lack of jurisdiction.

**SIGNED** at Houston, Texas, on this 14th day of January, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE